UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE, et al.,<br><br>                Plaintiffs,<br>    v.<br><br>BROOKS SPORTS, INC.,<br><br>                Defendant. | CASE NO. 2:23-CV-00116-LK<br><br>ORDER DENYING MOTION FOR LEAVE TO SUBMIT PHYSICAL EXHIBIT |

      This matter comes before the Court on Defendant Brooks Sports, Inc.'s Motion for Leave to Submit a Physical Exhibit Supporting Its Motion for Judgment on the Pleadings. Dkt. No. 95. The motion is denied.

      Plaintiff PUMA SE is the owner by assignment of the entire right, title, and interest in U.S. Design Patent No. D897,075 (the "D075 Patent"). Dkt. No. 1 at 9; Dkt. No. 1-4 (patent and figures); *see also Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020) ("[A]n assignee is the patentee and has standing to bring suit for infringement in its own name." (quoting *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998))). In Count II of their complaint, PUMA SE and Plaintiff PUMA North America Inc. (collectively

1  "PUMA") allege that Brooks Sports' Aurora BL running shoe is substantially similar to and
2  therefore infringes the D075 Patent. Dkt. No. 1 at 9–11, 15–16; *see also* Dkt. No. 95 at 7 (images
3  of the Aurora BL shoe). Brooks Sports has moved for judgment on the pleadings on Count II and
4  wishes to submit an Aurora BL running shoe in support of that motion. Dkt. No. 95 at 1 & n.1; *see*
5  Dkt. No. 96 (motion for judgment on the pleadings). It argues that a physical sample "provides the
6  Court with the best representation of the accused product's physical appearance and overall
7  design" and would "therefore aid the Court in deciding" the pending Rule 12(c) motion. Dkt. No.
8  95 at 4; Dkt. No. 102 at 2 (a physical exhibit will "aid the Court in assessing the alleged similarities
9  between the D075 Patent and the Aurora BL"). Although PUMA "does not oppose Brooks'
10 motion . . . if the Court deems it helpful or necessary to have a physical exhibit presented," it
11 simultaneously purports to "reserve[] the right to object to Brooks' physical exhibit" because it
12 "has not had the opportunity to review" that exhibit. Dkt. No. 101 at 1–2.[1] That is not how this
13 works. The Court need not deal with PUMA's equivocal non-objection, however, because it
14 declines to consider the proposed physical exhibit at this stage.

15      "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)
16 because, under both rules, a court must determine whether the facts alleged in the complaint, taken
17 as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th
18 Cir. 2012) (cleaned up). And a district court generally may not consider material beyond the
19 pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688
20 (9th Cir. 2001). One exception to this rule is the doctrine of incorporation by reference. This is "a
21 judicially-created doctrine that treats certain documents as though they are part of the complaint
22 itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document

---

[1] As discussed more below, PUMA's response is essentially an opposition.

"may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The doctrine is designed to prevent "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Brooks Sports argues that the Court may consider a physical sample of the Aurora BL running shoe because PUMA "reproduces and expressly relies on images of the Aurora BL throughout its complaint to contend that the Aurora BL has an overall appearance that is substantially the same as the D075 Patent." Dkt. No. 95 at 3; *see* Dkt. No. 1 at 10–13 (Aurora BL images in the complaint). Thus, says Brooks Sports, "the Aurora BL is incorporated by reference in the complaint[.]" Dkt. No. 95 at 3–4; *see also* Dkt. No. 102 at 2 ("[T]he physical appearance of Brooks' Aurora BL is integral to PUMA's allegations that the design of the Aurora BL infringes U.S. Design Patent No. D897,075[.]"). PUMA counters that a physical exhibit of the Aurora BL shoe "is unnecessary" because the photographs and other evidence submitted with the pleadings "are sufficient" at this stage for the Court to determine whether the shoe and design patent are substantially similar. Dkt. No. 101 at 1.

The Court agrees with PUMA. Key here is the purpose of the incorporation by reference doctrine: to prevent savvy plaintiffs from omitting critical information on which their claims are based. *See Khoja*, 899 F.3d at 1002. Brooks Sports accuses PUMA of doing just that by "omit[ting] from its complaint half of the figures of the D075 Patent, and the corresponding images of Brooks' Aurora BL, in an attempt to obscure clear design differences between the two." Dkt. No. 95 at 3. But PUMA attached all D075 figures to its complaint. Dkt. No. 1-4 at 4–11. And, in any event, Brooks Sports' Rule 12(c) motion includes all D075 patent figures, photographs depicting several angles of the Aurora BL shoe, and the Aurora BL patent figures—materials the Court may consider

in resolving the motion. Dkt. No. 96 at 13, 16–22; Dkt. No. 97 at 49–57, 128–34; *see Ritchie*, 342 F.3d at 908.

These images are sufficient for the Court to apply the "ordinary observer" test to the D075 Patent and Aurora BL. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (the test is whether the ordinary observer "would be deceived into believing that the accused product is the same as the patented design"); *see also Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (the test entails conducting a "side-by-side comparison" of the patented design and accused product). This is especially true because the Court disregards "any portions of the design shown in broken lines for the purposes of infringement analysis." *Fitness IQ, LLC v. TV Prods. USA, Inc.*, No. 10-CV-2584-H (WMC), 2011 WL 13356174, at *5 (S.D. Cal. Mar. 11, 2011); *see also* Dkt. No. 1-4 at 2 ("Any broken lines in the drawings indicate portions which form no part of the claimed design."). Disregarding the broken lines eliminates much of the shoe from the ordinary observer's consideration:



Dkt. No. 1-4 at 2. As PUMA points out, courts regularly decide motions to dismiss design patent infringement claims by comparing the patented design to images of the accused product. *See, e.g.*, *Converse Inc v. Steven Madden, Ltd.*, 552 F. Supp. 3d 139, 141 (D. Mass. 2021). So too here.

The Court therefore declines to consider the proposed physical exhibit and DENIES Brooks Sports' motion. Dkt. No. 95.

Dated this 18th day of September, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO SUBMIT PHYSICAL EXHIBIT - 5