UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE and PUMA NORTH AMERICA INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS SPORTS, INC., <br><br> Defendant. | CASE NO. 2:23-CV-00116-LK <br><br> ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER |

This matter comes before the Court on the parties' Stipulated Motion to Modify the Scheduling Order. Dkt. No. 116. The Court hereby GRANTS the parties' motion and amends the original pretrial schedule, *see* Dkt. No. 90, with the following:

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | To be set by the Court |
| Length of trial | 5 days |
| All motions related to liability discovery must be filed by | 3/11/2024 |
| Liability discovery completed by | 4/17/2024 |

ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER - 1

| | | |
|---|---|---|
| All dispositive motions and motions challenging liability expert witness testimony must be filed by this date (see LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (see LCR 7(d)), unless the parties are filing cross-motions for summary judgment and have agreed to a different briefing schedule as contemplated by LCR 7(k) | 5/8/2024 |
| If the plaintiffs/counter-defendants do not file a dispositive motion, the deadline for any dispositive motion by the defendant/counter-claimant | 6/10/2024 |
| Responses to damages-related discovery requests | The later of 30 days from service or 14 days after order on dispositive motions, or, if no such motion is filed, 6/26/2024 |
| Substantial completion of document production for damages-related discovery requests | 30 days after order on dispositive motions, or if no such motion is filed, 6/26/2024 |
| Disclosure of expert testimony under FRCP 26(a)(2) regarding any damages issue due | 90 days after order on dispositive motion(s), or, if no such motion is filed, 8/9/2024 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) regarding any damages issue due | 60 days after the deadline for opening reports on damages |
| If the party with the burden of proof as to any damages issue has disclosed no experts, the responding party must make any expert disclosure by | 120 days after order on dispositive motion(s), or, if no such motion is filed, 9/11/2024 |
| All motions related to damages discovery must be filed by | 120 days after order on dispositive motion(s), or, if no such motion is filed, 9/11/2024 |
| Damages discovery completed by | 150 days after order on dispositive |

ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER - 2

| | |
|---|---|
| | motion(s), or, if no such motion is filed, 10/11/2024 |
| All motions challenging damages expert witness testimony must be filed by this date (*see* LCR 7(d)). | 180 days after order on dispositive motion(s), or, if no such motion is filed, 11/13/2024 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 2 months before trial |
| All motions in limine must be filed by | 35 days before trial |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 21 days before trial |
| Trial briefs, proposed voir dire questions, and deposition designations due | 14 days before trial |
| Pretrial conference scheduled at 10:00 a.m. on | 10 days before trial |

All other dates are specified in the Local Civil Rules. The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown or on a showing of excusable neglect, if applicable. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2002). Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

In its denial of parties' original stipulated motion to modify the scheduling order, the Court instructed the parties to "explain why they could not have sought the requested schedule modification sufficiently in advance of the existing deadline they wish to modify." Dkt. No. 112; *see also* LCR 7(j) (instructing litigants to seek relief from a deadline "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline"). In their amended

motion, the parties state only that their "inability to meet the [liability discovery motions] deadline came to their attention during a meet and confer between counsel on January 3, 2024 during which the Parties recognized that certain discovery disputes were not ripe for the Court's attention." Dkt. No. 116 at 2–3. The Court cautions that any further lack of attention to deadlines will not be treated as "good cause" warranting modification under Federal Rule of Civil Procedure 16(b)(4). *See Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

The Court expects to assign a trial date after it issues its order on dispositive motions, or, if no such motion is filed, after the deadline for defendant/counter-claimant's dispositive motion.

## COOPERATION

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

## PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court:

- Dates of Birth − redact to the year of birth, unless deceased.
- Names of Minor Children − redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

# SETTLEMENT

If this case settles, counsel shall notify Natalie Wood via email at natalie_wood@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 24th day of January, 2024.

*[signature: Lauren King]*

Lauren King
United States District Judge