The Honorable Lauren King

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE and PUMA NORTH AMERICA INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS SPORTS, INC., <br><br> Defendant. | CASE NO. 2:23-cv-00116-LK <br><br> **DECLARATION OF LACHLAN CAMPBELL-VERDUYN** <br><br> NOTE ON MOTION CALENDAR: Friday, March 29, 2024 |

I, Lachlan Campbell-Verduyn, declare and state as follows:

1. I am an attorney representing Brooks Sports, Inc., and I make this declaration based on my personal knowledge of this case and the information described below.

2. On November 8, 2023, Puma served the opening expert report of Charles Angell regarding Puma's patent infringement claim.

3. On January 8, 2024, Puma served two rebuttal reports: a second report from Charles Angell responding to Brooks' claim that Puma's patent is invalid, and a report from Frits Gerritzen, a Dutch lawyer, responding to Brooks' abuse of process counterclaim.

4. On January 8, 2024, Brooks served two rebuttal reports: a report from Sarah Butler responding to Puma's trademark infringement claim, and a report from Joe Napurano responding to Puma's patent infringement claim.

DECLARATION OF LACHLAN CAMPBELL-VERDUYN - 1
CASE NO. 2:23-CV-00116-LK

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

5. On January 19, 2024, I met and conferred with Puma's counsel regarding the schedule for damages discovery. At the meet and confer, Puma's counsel informed me that Puma was planning to serve sur-rebuttal expert reports. I objected to counsel's suggestion that Puma could disclose additional experts and/or reports after the January 8, 2024 deadline for liability experts given that the schedule does not provide for sur-rebuttal reports. The parties decided to discuss further on January 22, 2024.

6. On January 22, 2024, I met and conferred with Puma's counsel about the sur-rebuttal reports. Puma's counsel maintained they had the right under the Federal Rules to serve sur-rebuttal reports, and I indicated that should they serve such reports, Brooks reserved the right to move to strike them.

7. On January 30, 2024, Puma's counsel sent a letter with its asserted legal basis for disclosing sur-rebuttal reports. A true and correct copy of that letter is attached to my declaration as Exhibit A.

8. On February 1, 2024, I responded to Puma's letter, setting forth Brooks' position that the schedule does not provide for sur-rebuttal reports. A true and correct copy of that letter is attached to my declaration as Exhibit B.

9. On February 6, 2024, Puma served two sur-rebuttal reports: a report from Charles Angell, responding to Brooks' Napurano report on patent infringement, and a report from Justin R. Anderson responding to Brooks' Butler report on trademark infringement. Until that point, Puma had not disclosed Justin R. Anderson as one of its experts or mentioned that it planned to serve two sur-rebuttal reports.

10. The next day, I asked Puma to withdraw the reports within seven days or Brooks would take any action it deemed necessary. Puma replied a week later that it would not withdraw the reports. A true and correct copy of that correspondence is attached to my declaration as Exhibit C.

DECLARATION OF LACHLAN CAMPBELL-VERDUYN - 2
CASE NO. 2:23-CV-00116-LK

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

1  EXECUTED this 11th day of March, 2024 at New York, New York.

2

3                                     *s/ Lachlan Campbell-Verduyn*
                                      Lachlan Campbell-Verduyn
4                                     1133 Avenue of the Americas
                                      New York, New York 10036
5                                     (212) 336-2000
                                      lcampbellverduyn@pbwt.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF LACHLAN CAMPBELL-VERDUYN - 3
CASE NO. 2:23-CV-00116-LK

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing DECLARATION OF LACHLAN CAMPBELL-VERDUYN with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark P. Walters
Mitchell D. West
LOWE GRAHAM JONES PLLC
1325 Fourth Ave., Suite 1130
Seattle, WA 98101
walters@lowegrahamjones.com
west@lowergrahamjones.com
Tel: 206-381-3300

Michael T. Piery (Admitted pro hac vice)
Johanna Wilbert (Admitted pro hac vice)
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
michael.piery@quarles.com
Johanna.Wilbert@quarles.com
Tel: 414-277-5000

James J. Aquilina (Admitted pro hac vice)
QUARLES & BRADY LLP
1701 Pennsylvania Ave. NW, Suite 700
Washington, D.C. 20006
james.aquilina@quarles.com
Tel: 202-372-9600

*Attorneys for Plaintiff*

DATED this 11th day of March, 2024.

                                                     *s/Dominique Barrientes*
                                                    Dominique Barrientes, Legal Assistant

DECLARATION OF LACHLAN CAMPBELL-VERDUYN - 4
CASE NO. 2:23-CV-00116-LK

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001

# Exhibit A



411 East Wisconsin Avenue  
Suite 2400  
Milwaukee, WI 53202-4428  
414-277-5000  
Fax 414-271-3552  
www.quarles.com

Attorneys at Law in  
Chicago  
Denver  
Indianapolis  
Madison  
Milwaukee  
Minneapolis  
Naples  
Phoenix  
San Diego  
Tampa  
Tucson  
Washington, D.C.

Writer's Direct Dial: 414-277-5367  
E-Mail: Michael.Piery@quarles.com

January 30, 2024

Lachlan Campbell-Verduyn  
Patterson Belknap Webb & Tyler LLP  
1133 Avenue of The Americas  
New York, NY 10036

RE: Rebuttal Expert Reports

Dear Lachlan:

We write to follow up on our January 22 meet and confer to provide the legal bases supporting PUMA's entitlement to serve a rebuttal report solely to rebut or contradict evidence identified in the Brooks' expert reports.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that a party must make expert disclosures under the rule "at the times and in the sequence that the court orders," and that "[a]bsent a stipulation or a court order," rebuttal evidence must be made "within 30 days after the other party's disclosure."  In accordance with this rule, the Western District of Washington has permitted rebuttal expert reports. *See, e.g., Fetchero v. Amica Mutual Ins. Co.*, No. 2:22-cv-400, 2023 WL 8112052, at *1 (W.D. Wash. Nov. 22, 2023) ("Once an expert disclosure is made, the other party may offer a rebuttal expert."); *U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 583 (W.D. Wash. 2021) (finding the rebuttal portions of a report disclosed within 30 days of plaintiff's initial report timely and denying motion to strike as to those portions). Where, as here, the Scheduling Order does not provide for rebuttal reports, courts in the Western District of Washington have relied on Rule 26(a)(2)(D)(ii) to hold that rebuttal expert disclosures are due within thirty days of expert disclosures. *See, e.g., Burdette v. Steadfast Commons II, LLC*, No. 2:11-980-RSM, 2012 WL 3762515, at *7 (W.D. Wash. Aug. 29, 2012) ("Defendants filed their rebuttal expert disclosures within thirty days of Plaintiff's expert disclosures. Accordingly, Defendants' rebuttal expert disclosures are timely.").

Based on the Federal Rules and the case law above, PUMA is entitled to serve reports that addresses "the same subject matter" and is "intended solely to contradict or rebut" Brooks' expert reports. *See U.S. Bank*, 339 F.R.D. at 581, 583 (quoting Rule 26(a)(2)(D)(ii)); s*ee also Leadership Studies Inc. v. Blanchard Training and Development, Inc.*, No. 15cv1831-WQH(KSC), 2018 WL

Lachlan Campbell-Verduyn
January 30, 2024
Page 2

1989554, at *10, 15 (W.D. Wash. Apr. 26, 2018) (finding trademark survey rebuttal expert's report was timely and proper). PUMA will be preparing and serving rebuttal expert reports within the 30 days allowed under the Federal Rules of Civil Procedure. We hope that by providing the above cited cases, we can avoid unnecessary motion practice.

Sincerely,

Michael T. Piery

cc: All counsel of record (via e-mail)

QB\87066180.2

# Exhibit B

**Patterson Belknap**

www.pbwt.com

February 1, 2024

Lachlan Campbell-Verduyn
Counsel
(212) 336-2295
(212) 336-2783
lcampbellverduyn@pbwt.com

Michael T. Piery
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 1400
Milwaukee, WI 53202
michael.piery@quarles.com
Tel: 414-277-5000

     Re: **Rebuttal Expert Reports**

Dear Mike:

  We write in response to your January 30 letter asserting that, by virtue of Federal Rule of Civil Procedure 26(a)(2)(d)(ii), Puma is entitled to serve rebuttal expert reports within 30 days of Brooks' expert reports. Your letter correctly explains the operation of that Rule when a "Scheduling Order does not provide for rebuttal reports," but the provision you cite "only governs rebuttal disclosures in the absence of a court order." *Gramercy Grp., Inc. v. D.A. Builders, LLC*, No. CV 16-00114 JMS-KSC, 2017 WL 11676796, at *3, *3 n.4 (D. Haw. Dec. 5, 2017). Here, the Scheduling Order expressly provides for rebuttal reports, and that deadline has passed. *See* ECF No. 90 at 1 ("Disclosure of rebuttal expert testimony under FRCP 26(a)(2) regarding any liability issue due [by] 1/8/2024.") As such, any report Puma purports to serve is untimely and Brooks reserves the right to take any necessary action, including filing a motion to strike.

           Sincerely yours,

           */s/ Lachlan Campbell-Verduyn*
            Lachlan Campbell-Verduyn

cc: All counsel of record (via e-mail)

# Exhibit C

**From:** Piery, Michael T. <Michael.Piery@quarles.com>
**Sent:** Wednesday, February 14, 2024 3:20 PM
**To:** Campbell-Verduyn, Lachlan (x2295) <lcampbellverduyn@pbwt.com>; Klepacz, Peter P. <Peter.Klepacz@quarles.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; dianab@summitlaw.com; Fischer, Aron (x2363) <afischer@pbwt.com>; Karen Lang <karenl@SummitLaw.com>; Wainhouse, Henry (x2469) <hwainhouse@pbwt.com>; hathawayb@summitlaw.com; Dominique Barrientes <DominiqueB@SummitLaw.com>; Tana Daugherty <tanad@SummitLaw.com>; Goldman, Joshua (x2215) <jgoldman@pbwt.com>
**Cc:** Wilbert, Johanna <johanna.wilbert@quarles.com>; Veley, Meighan M <Meighan.Veley@quarles.com>; Vidal Schumm, Jennifer M. <Jennifer.Schumm@quarles.com>; west@lowegrahamjones.com; Walters@LoweGrahamJones.com; Aquilina, James J. <James.Aquilina@quarles.com>
**Subject:** RE: Puma, et al v Brooks Sports, Inc., No. 2:23-cv-00116-LK [QBLLP-ACTIVE.FID42446229]

*Caution: External Email!*

Lachlan,

PUMA does not agree to withdraw the reports. As we explained in our January 30 letter, PUMA is entitled to serve rebuttal reports solely to rebut or contradict evidence identified in Brooks' expert reports. Brooks' expert reports served on January 8, 2024 disclosed for the first time opinions by its experts. PUMA had the right to respond to those newly disclosed opinions within 30 days. Brooks offered no opening opinions on these issues that PUMA could have rebutted by January 8, 2024.

Thank you,

Mike

**From:** Campbell-Verduyn, Lachlan (x2295) <lcampbellverduyn@pbwt.com>
**Sent:** Wednesday, February 7, 2024 10:59 PM
**To:** Piery, Michael T. (MKE x1367) <Michael.Piery@quarles.com>; Klepacz, Peter P. (MKE x1030) <Peter.Klepacz@quarles.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; dianab@summitlaw.com; Fischer, Aron (x2363) <afischer@pbwt.com>; Karen Lang <karenl@SummitLaw.com>; Wainhouse, Henry (x2469) <hwainhouse@pbwt.com>; hathawayb@summitlaw.com; Dominique Barrientes <DominiqueB@SummitLaw.com>; Tana Daugherty <tanad@SummitLaw.com>; Goldman, Joshua (x2215) <jgoldman@pbwt.com>
**Cc:** Wilbert, Johanna M. (MKE x1495) <johanna.wilbert@quarles.com>; Veley, Meighan M (MKE x1238) <Meighan.Veley@quarles.com>; Vidal Schumm, Jennifer M. <Jennifer.Schumm@quarles.com>; west@lowegrahamjones.com; Walters@LoweGrahamJones.com; Aquilina, James J. <James.Aquilina@quarles.com>
**Subject:** RE: Puma, et al v Brooks Sports, Inc., No. 2:23-cv-00116-LK [QBLLP-ACTIVE.FID42446229]

Mike,

Mr. Angell's and Dr. Anderson's reply/surrebuttal reports are not permitted by the Court's scheduling order or the governing rules and are improper.  Please withdraw the reports within 7 days or Brooks will take any action it deems necessary.

Thank you,

Lachlan

---

**From:** Piery, Michael T. <Michael.Piery@quarles.com>
**Sent:** Tuesday, February 6, 2024 10:20 PM
**To:** Campbell-Verduyn, Lachlan (x2295) <lcampbellverduyn@pbwt.com>; Klepacz, Peter P. <Peter.Klepacz@quarles.com>; Potter, Geoffrey (x2050) <gpotter@pbwt.com>; dianab@summitlaw.com; Fischer, Aron (x2363) <afischer@pbwt.com>; Karen Lang <karenl@SummitLaw.com>; Wainhouse, Henry (x2469) <hwainhouse@pbwt.com>; hathawayb@summitlaw.com; Dominique Barrientes <DominiqueB@SummitLaw.com>; Tana Daugherty <tanad@SummitLaw.com>; Goldman, Joshua (x2215) <jgoldman@pbwt.com>
**Cc:** Wilbert, Johanna <johanna.wilbert@quarles.com>; Veley, Meighan M <Meighan.Veley@quarles.com>; Vidal Schumm, Jennifer M. <Jennifer.Schumm@quarles.com>; west@lowegrahamjones.com; Walters@LoweGrahamJones.com; Aquilina, James J. <James.Aquilina@quarles.com>
**Subject:** Puma, et al v Brooks Sports, Inc., No. 2:23-cv-00116-LK [QBLLP-ACTIVE.FID42446229]

*Caution: External Email!*

Counsel,

Attached please find the Rebuttal to Jan. 8, 2024 Napurano Report by Charles Austen Angell Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii).

Thank you,

Mike



**Michael Piery | Partner**
Michael.Piery@quarles.com | D. 414-277-5367 | M. 414-403-0177
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
BIO | vCard | quarles.com | LinkedIn
Assistant:  Grace Dawson, 414-277-3054

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.