|   |   |
|---|---|
| PUMA SE, et al., | CASE NO. 2:23-CV-00116-LK |
| Plaintiffs, | ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | |
| BROOKS SPORTS, INC., | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on the parties' stipulated motion to modify the scheduling order. Dkt. No. 147. The parties request an extension of the liability discovery deadline from April 17, 2024 to May 31, 2024 "to accommodate the schedules and current obligations of the witnesses and attorneys" and to "allow[] the parties to participate in mediation." *Id.* at 2–3. The parties also propose a summary judgment briefing schedule that "allow[s] for sufficient time to brief the issues after the close of liability discovery." *Id.* at 2–4.

The Court finds good cause to modify the scheduling order and GRANTS the motion. The scheduling order currently in place, Dkt. No. 118, is hereby amended with the following:

ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER - 1

| Event | New Date |
|---|---|
| JURY TRIAL SET FOR 9:00 a.m. on | To be set by the Court |
| Length of trial | 5 days |
| Liability discovery completed by | 5/31/2024 |
| All motions challenging liability expert witness testimony (noted in accordance with LCR 7(d)(3)) must be filed by | 5/31/2024[1] |
| Plaintiffs'/Counter-Defendants' motion for summary judgment must be filed by | 5/31/2024 |
| Defendant's/Counter-Claimant's combined response/cross-motion for summary judgment by | 6/28/2024 |
| Plaintiffs'/Counter-Defendants' combined response/reply by | 7/19/2024 |
| Defendant's/Counter-Claimant's reply by | 8/2/2024 |
| If the Plaintiffs/Counter-Defendants do not file a dispositive motion, any dispositive motion by the Defendant/Counter-Claimant must be filed by | 6/10/2024 |
| Responses to damages-related discovery requests | The later of 30 days from service or 14 days after order on dispositive motions, or, if no such motion is filed, 6/26/2024 |
| Substantial completion of document production for damages-related discovery requests | 30 days after order on dispositive motions, or if no such motion is filed, 6/26/2024 |
| Disclosure of expert testimony under FRCP 26(a)(2) regarding any damages issue due | 90 days after order on dispositive motion(s), or, if no such motion is filed, 8/9/2024 |

---

[1] The Court will not permit an extension of this deadline based on foreseeable issues connected with deposing Justin Anderson after the close of liability discovery.

ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER - 2

| | |
|---|---|
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) regarding any damages issue due | 60 days after the deadline for opening reports on damages |
| If the party with the burden of proof as to any damages issue has disclosed no experts, the responding party must make any expert disclosure by | 120 days after order on dispositive motion(s), or, if no such motion is filed, 9/11/2024 |
| All motions related to damages discovery must be filed by | 120 days after order on dispositive motion(s), or, if no such motion is filed, 9/11/2024 |
| Damages discovery completed by | 150 days after order on dispositive motion(s), or, if no such motion is filed, 10/11/2024 |
| All motions challenging damages expert witness testimony must be filed by this date (see LCR 7(d)) | 180 days after order on dispositive motion(s), or, if no such motion is filed, 11/13/2024 |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 2 months before trial |
| All motions in limine must be filed by | 35 days before trial |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 21 days before trial |
| Trial briefs, proposed voir dire questions, and deposition designations due | 14 days before trial |
| Pretrial conference scheduled at 10:00 a.m. | 10 days before trial |

All other dates are specified in the Local Civil Rules. The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown or on a showing of excusable

ORDER GRANTING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER - 3

1  neglect, if applicable. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
2  2002). If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or
3  federal holiday, the act or event shall be performed on the next business day.

4        The parties also request that the Court allow the parties to postpone the deposition of Justin
5  Anderson, whose expert report is the subject of Defendant's pending motion to strike, until
6  sometime after the liability discovery deadline. Dkt. No. 147 at 3; *see also* Dkt. No. 131 (motion
7  to strike). The Court will allow this limited exception to the liability discovery deadline.

8        The Court expects to assign a trial date after it issues its order on the parties' cross-motions
9  for summary judgment, or, if no such motion is filed, after the deadline for Defendant/Counter-
10 Claimant's dispositive motion.

## COOPERATION

12       As required by LCR 37(a), all discovery matters are to be resolved by agreement if
13 possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format
14 required by LCR 16.1, except as ordered below.

## PRIVACY

16       Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where
17 inclusion is necessary, the following personal data identifiers from all documents filed with the
18 court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court:

- Dates of Birth – redact to the year of birth, unless deceased.
- Names of Minor Children – redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers – redact in their entirety.
- Financial Accounting Information – redact to the last four digits.
- Passport Numbers and Driver License Numbers – redact in their entirety.

**SETTLEMENT**

If this case settles, counsel shall notify Natalie Wood via email at natalie_wood@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 18th day of April, 2024.

*Lauren King*

Lauren King
United States District Judge