UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BROOKS SPORTS, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-CV-00116-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

This matter comes before the Court on the motion of Defendant Brooks Sports, Inc. ("Brooks") to strike certain expert reports served by Plaintiffs PUMA SE and PUMA N.A. (together, "PUMA"). Dkt. No. 131. For the following reasons, the Court grants in part and denies in part Brooks' motion.

**I.　BACKGROUND**

On February 7, 2023, the parties submitted a joint status report proposing a case scheduling order. Dkt. No. 89 at 9. The Court adopted those proposed deadlines in relevant part. Dkt. No. 90. As relevant here, the Court ordered as follows:

| Disclosure of expert testimony under FRCP 26(a)(2) regarding any liability issue due | 11/8/2023 |
|---|---|
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) regarding any liability issue due | 1/8/2024 |
| If the party with the burden of proof as to any liability issue has disclosed no experts, the responding party must make any expert disclosure by | 1/8/2024 |
| * * * | |
| Liability discovery completed by | 2/7/2024 |

Dkt. No. 90 at 1–2.[1]

On November 8, 2023, PUMA served one expert report from C. Austen Angell in support of its patent infringement claim. Dkt. No. 132 at 1; Dkt. No. 137 at 1. PUMA did not submit any expert reports in support of its trademark infringement claim. Dkt. No. 132 at 1; Dkt. No. 137 at 1. Brooks did not disclose any expert reports on November 8.

On January 8, 2024, PUMA served two expert reports: one from Mr. Angell on Brooks' counterclaim for declaratory judgment that Puma's patent is invalid and another from Frits Gerritzen on Brooks' abuse of process counterclaim. Dkt. No. 132 at 1; *see also* Dkt. No. 56 at 63–65 (operative counterclaims at the time relevant to this motion).[2] On the same day, Brooks served two expert reports as well: one from Joe Napurano responding to Mr. Angell's November 8, 2023 expert report, and another from Sarah Butler regarding PUMA's trademark infringement claim and Brooks' counterclaim for declaratory judgment that Brooks has not infringed PUMA's trademark. Dkt. No. 132 at 1; Dkt. No. 56 at 61–62; *see also* Dkt. No. 123 at 69–70.

On February 6, 2024, PUMA served another two expert reports: one from Mr. Angell responding to Mr. Napurano's report on patent infringement and another from Justin R. Anderson

---

[1] The Court's January 24, 2024 order modifying this scheduling order did not change the expert disclosure deadlines. *See* Dkt. No. 118.

[2] Brooks has since filed a second answer in response to PUMA's amended complaint. Dkt. No. 123; *see also* Dkt. No. 117. The second answer still contains both its patent invalidity and abuse of process counterclaims. Dkt. No. 123 at 71–74.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE - 2

responding to Ms. Butler's report on trademark infringement. Dkt. No. 132 at 2. On March 11, 2024, Brooks moved to strike these last two reports pursuant to Federal Rule of Civil Procedure 37(c). Dkt. No. 131 at 1. Brooks characterized the reports as "sur-rebuttal expert reports that were not contemplated by the Court's scheduling order and were served after the deadlines for expert disclosure had passed." *Id.* PUMA opposed this motion, contending that Brooks' motion should have been brought as a motion in limine and that, in any event, Brooks' motion should be denied because the February 6, 2024 reports "are proper rebuttal reports that offer opinions only in direct rebuttal and contradiction to the opinions offered in Brooks' expert reports." *See* Dkt. No. 133 at 1.

## II. DISCUSSION

**A.    Brooks' Motion is Procedurally Proper**

As an initial matter, PUMA contends that the Court should deny Brooks' motion to strike "because it is a procedurally improper premature motion in limine." Dkt. No. 133 at 2. The Court disagrees.

Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Litigants can escape the "harshness" of exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). "The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions '[i]n addition to or instead of [exclusion].'" *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting Fed. R. Civ. P. 37(c)(1)). "Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* The Court therefore has the authority

to consider Brooks' motion to exclude the reports as a sanction for PUMA's alleged discovery violations under Rule 37(c).

**B.     Application of Federal Rule of Civil Procedure 26(a)(2)(D)(ii)**

Under Federal Rule of Civil Procedure 26(a)(2)(D), "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." "Absent a stipulation or a court order," a party must make expert disclosures "within 30 days after the other party's disclosure" "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1191 (S.D. Cal. 2016) ("A party need not disclose an expert within the deadline for initial expert reports, and can instead disclose an expert as a 'rebuttal expert,' when the expert's testimony is 'intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness.'"). "The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006) (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) and *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995)).

Here, the parties interpret the scheduling order differently. PUMA contends that the January 8 deadline for disclosure of expert testimony by the non-burden-bearing party was not a rebuttal deadline but was instead an initial disclosure deadline for that party, and because the Court's scheduling order did not explicitly establish a deadline for rebuttals to such testimony, the default 30-day rule under Rule 26(a)(2)(D)(ii) applies. Dkt. No. 133 at 5. In other words, PUMA assumed that both parties had 30 days to disclose expert testimony "intended solely to contradict or rebut evidence on the same subject matter" initially disclosed by the non-burden bearing party.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE - 4

In Brooks' view, the January 8 deadline was solely for rebuttal reports; any reports thereafter were prohibited surrebuttal reports, and the fact that the order did not explicitly provide for such reports definitively forecloses them. Dkt. No. 136 at 2–3.

The Court agrees with PUMA, but Brooks' interpretation of the scheduling order is not without support. On one hand, the parties' proposed scheduling order—which the Court adopted—contains indicia that rebuttal reports were not contemplated after January 8, 2024. Again, the Court ordered as follows:

| | |
|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) regarding any liability issue due | 11/8/2023 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) regarding any liability issue due | 1/8/2024 |
| If the party with the burden of proof as to any liability issue has disclosed no experts, the responding party must make any expert disclosure by | 1/8/2024 |
| * * * | |
| Liability discovery completed by | 2/7/2024 |

Dkt. No. 90 at 1–2. Although the order specifically provided a deadline for rebuttal reports in response to expert reports from the party with the burden of proof, it did not provide any such deadline with respect to expert reports from the responding party. And it would be odd to countenance rebuttal reports on the last day of discovery. *See, e.g.*, *E. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 2:14-CV-2567-RMG, 2015 WL 12831677, at *1 (D.S.C. July 9, 2015) ("Presumably, the parties did not anticipate rebuttal expert reports, as this deadline . . . falls on the last day of discovery.").

On the other hand, such scheduling is not unheard of. And the order provides separate rows for "rebuttal expert testimony" and the responding party's "expert disclosure," supporting PUMA's reading that the latter category was not a rebuttal deadline, but rather a staggered initial expert disclosure deadline that permitted rebuttal within 30 days. Dkt. No. 133 at 4. Finally, while the initial rebuttal deadline required explicit mention in the order because it departed from the

default 30-day rule, no such explicit mention was necessary for the later rebuttal deadline that did not depart from the default 30-day schedule.

The Court next addresses whether the Anderson and Angell reports qualify as rebuttal reports.

1. Justin R. Anderson is a Proper Rebuttal Expert Under Federal Rule of Civil Procedure 26(a)(2)(D)(ii)

A report must satisfy two elements to qualify as a rebuttal report: "it must address 'the same subject matter' as another party's expert report and must be 'intended solely to contradict or rebut' that report." *U.S. Bank, N.A. v. Glogowski L. Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021). Based on the Court's review, Mr. Anderson's report does just that with respect to Ms. Butler's report on PUMA's trademark infringement claim. *See generally* Dkt. No. 134 at 6–44; *see also id.* at 43 (Anderson's ultimate conclusion that Ms. Butler's survey is unreliable, "unable to provide a reliable measure of likelihood of confusion in this matter" for five reasons, and is "unable to provide valid or reliable measures of use, association, or influence"). The Court therefore denies Brooks' motion to strike Mr. Anderson's expert testimony.

However, it appears that the parties did not have a meeting of the minds when they submitted their proposed scheduling order in February 2023. PUMA reasonably believed that the parties were proposing an order that permitted rebuttal reports until February 7, 2024, and Brooks reasonably believed that the proposal prohibited rebuttal reports after January 8, 2024. Brooks accordingly did not submit rebuttal reports in response to Mr. Angell's report on patent validity or to Mr. Gerritzen's report on abuse of process, while PUMA submitted Mr. Anderson's report responding to Ms. Butler. Dkt. No. 136 at 6. In these circumstances, it would be inequitable to deprive Brooks of the opportunity to submit rebuttal reports. To the extent Brooks wishes to do so, the Court will provide a continuance of the case deadlines for up to 30 days. If the parties

mutually agree that they require additional time beyond that to complete expert discovery (for example, to allow for depositions following rebuttal reports), they may submit an appropriate motion seeking such relief.

      2.  <u>C. Austen Angell's Report is an Improper Surrebuttal</u>

Courts have generally agreed that Rule 26 does not contemplate surrebuttal reports. *See Newegg Inc. v. Schoolhouse Outfitters, LLC*, 118 U.S.P.Q.2d 1242, at *2 (T.T.A.B. 2016) (collecting cases). Those courts that do entertain them have generally required the party to seek permission from the court first. *See, e.g.*, *Canyon Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*, No. 2:18-CV-01761-RAJ, 2020 WL 3048016, at *2 (W.D. Wash. June 8, 2020); *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017); *La. Health Care Self Ins. Fund v. United States*, No. 12-766-JJB-RLB, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014); *D.G. ex rel. G. v. Henry*, No. 08-CV-74-GKF-FHM, 2011 WL 2881461, at *1–2 (N.D. Okla. July 15, 2011); *see also Houle v. Jubilee Fisheries, Inc.*, No. C04-2346JLR, 2006 WL 27204, at *2 n.4 (W.D. Wash. Jan. 5, 2006) ("[T]he federal rules do not contemplate 'sur-rebuttal' experts. . . . If the circumstances in this case made it impossible for [plaintiff's existing expert] to address [defendant's expert's] rebuttal testimony, it would have been incumbent upon [p]laintiff to seek a stipulation or leave of court to name a new expert.").

Mr. Angell's February 6, 2024 report is a surrebuttal report: it responds to Mr. Napurano's report rebutting Mr. Angell's initial report. Dkt. No. 135 at 6 ("I submit this report to disclose opinions intended to contradict or rebut certain opinions offered by Mr. Napurano," and after reviewing those opinions, "my opinions stated in my earlier reports have not changed"). PUMA did not seek leave to file this surrebuttal. Nor does PUMA argue that Mr. Angell's report was a supplemental report as opposed to a rebuttal report.

Even assuming without deciding that PUMA may still rely on Mr. Angell's surrebuttal if it can demonstrate that its improper disclosure is "either substantially justified or harmless," *Merchant*, 993 F.3d at 740, PUMA does not meet this standard. To determine whether a discovery violation is substantially justified or harmless, the Court considers four factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

As to the first and third factors, the Court finds that Brooks would be prejudiced if the Court permitted the report. First, Brooks would only have only a short time before the May 31, 2024 discovery deadline to depose Mr. Angell on his surrebuttal testimony. Second, it would be inequitable to provide a surrebuttal to PUMA and not to Brooks, and allowing Brooks the opportunity to file surrebuttals to the February 2024 Anderson and Angell reports would bend the rules and disrupt the case schedule.

The second factor likewise weighs in favor of exclusion. "Allowing defendants to depose [plaintiff's] experts, by itself, . . . does not cure" the discovery violations. *Nw. Pipeline Corp. v. Ross*, No. C05-1605-RSL, 2008 WL 1744617, at *9 (W.D. Wash. Apr. 11, 2008). Discovery deadlines are set "to permit the court and the parties to deal with cases in a thorough and orderly manner," *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005), and this goal would be frustrated if surrebuttals were permitted without leave and without respect to their effect on the case schedule and on the time and resources of the opposing party.

With respect to the fourth factor, the Court does not consider PUMA's violation of the expert report deadline to be willful. However, that is not enough to outweigh the other three factors. The Court therefore strikes Mr. Angell's February 6, 2024 surrebuttal report.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Brooks' motion to strike. Dkt. No. 131. The Court declines to strike Mr. Anderson's February 6, 2024 expert report, and strikes Mr. Angell's February 6, 2024 report. To the extent Brooks wishes to serve rebuttal reports with respect to Mr. Angell's report on patent validity and/or Mr. Gerritzen's report on abuse of process, the Court DIRECTS it to file a notice by May 14, 2024 indicating (1) its intent to do so and (2) the length of its desired continuance, if any, not to exceed 30 days from the date of this Order. Brooks' expert reports will be due on the continued deadline for the close of expert discovery.[3] If the parties mutually agree that they require additional time beyond Brooks' limited continuance to complete expert discovery (for example, to allow for depositions following rebuttal reports), they may submit an appropriate motion seeking such relief.

Dated this 9th day of May, 2024.

Lauren King
United States District Judge

---

[3] The continuance of this deadline will not apply to all expert discovery; instead, the deadline will be continued for the sole purpose of permitting Brooks to submit rebuttals to Mr. Angell's report on patent validity and Mr. Gerritzen's report on abuse of process.