UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS SPORTS, INC., <br><br> Defendant. | CASE NO. 2:23-CV-00116-LK <br><br> ORDER GRANTING UNOPPOSED RENEWED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs PUMA SE and PUMA North America, Inc.'s Unopposed Renewed Motion for Leave to File a Second Amended Complaint. Dkt. No. 180.

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Courts may deny a motion for leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2013) (per curiam). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

On May 14, 2024, the Court granted Defendant Brooks Sports, Inc.'s motion to join third party Lloyd IP Limited as a necessary party pursuant to Federal Rule of Civil Procedure 19. Dkt. No. 154 at 30. On June 4, 2024, Plaintiffs moved for leave to file a second amended complaint joining Lloyd IP as a defendant due to its refusal to be voluntarily joined as a plaintiff. Dkt. No. 157. After the noting date passed, Lloyd IP changed its position, Dkt. No. 180 at 2, resulting in withdrawal of the pending motion and submission of the instant unopposed motion for leave to amend the complaint to join Lloyd IP as a voluntary plaintiff, Dkt. No. 180 at 2; *see also* Dkt. No. 180-9 at 1–5, 9–10, 15–23 (redlined amendments).

The Court is satisfied that Plaintiffs' request is not driven by bad faith or delay, but rather to join Lloyd IP as a necessary party in accordance with the Court's May 14, 2024 directive. *See* Dkt. No. 154 at 30; *cf. Mytee Prods., Inc. v. H.D. Prods., Inc.*, No. 05-CV-2286 W(CAB), 2007 WL 4105713, at *4 (S.D. Cal. Nov. 16, 2007) (permitting amendment of complaint to join trademark registrant as party to ensure "the case culminate[s] with a judgment on the merits"). Plaintiffs have not "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed," *Sonoma Cnty*, 708 F.3d at 1117, as the only amendment previously permitted by the Court was for Plaintiffs to add a federal trademark infringement claim, Dkt. No. 113. And given that Plaintiffs' motion is unopposed, there is no indication that amendment would prejudice Brooks. *See* Dkt. No.

180 at 2; *see also Larrison v. Ocean Beauty Seafoods, LLC*, No. C20-0906-RSM, 2021 WL 2646450, at *1 (W.D. Wash. June 28, 2021).

Accordingly, the Court GRANTS Plaintiffs' Motion. Dkt. No. 180.[1] They must file their amended complaint by August 7, 2024.

Dated this 1st day of August, 2024.

Lauren King
United States District Judge

---

[1] Plaintiffs' proposed amendments also include revisions unrelated to the joinder of Lloyd IP. *See, e.g.*, Dkt. No. 180-9 at 3 ("In addition to footwear, [Plaintiffs] sell[] other NITRO-branded PUMA products, including socks and t-shirts."), 5 ("Brooks [sic] use of NITRO includes use as a headline, in banners, and standalone with no reference to foam molding technology. In addition to its trade show booth, Brooks prepared party invitations and keycards that used NITRO as a standalone term with no reference to foam molding."), 10–11 (amendments regarding PUMA SE's patent and Plaintiffs' Mode XT shoe). Although Plaintiffs do not move for leave to make these other proposed amendments, the Court nonetheless grants their motion with respect to these additional amendments because the motion is unopposed and there is no evidence that the amendments will cause prejudice. *See, e.g.*, *Alvarado v. Wang Ma LLC*, No. SA:13-CV-944-DAE, 2015 WL 919818, at *2 (W.D. Tex. Mar. 3, 2015) (permitting amendment because Defendants did not object).

ORDER GRANTING UNOPPOSED RENEWED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT - 3