UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUMA SE, et al.,<br><br>                              Plaintiffs,<br><br>           v.<br><br>BROOKS SPORTS, INC.,<br><br>                              Defendant. | CASE NO. 2:23-CV-00116-LK<br><br>ORDER GRANTING MOTION<br>FOR RELIEF FROM A DEADLINE |

This matter comes before the Court on Plaintiffs PUMA SE and PUMA North America, Inc.'s Motion for Relief from a Deadline, seeking relief from the March 11, 2024 deadline to file motions related to liability discovery so that the Court may consider their pending motion to compel. Dkt. No. 167 at 2; *see* Dkt. Nos. 169, 171. The Court grants Plaintiffs' motion.

## I.   BACKGROUND

The Court adopts the factual background articulated in its May 14, 2024 Order. Dkt. No. 154 at 2–5.

As relevant here, Brooks produced over 7,600 documents to PUMA SE and PUMA North America, Inc. (collectively, "PUMA") prior to the March 11, 2024 deadline for motions related to

1  discovery liability. Dkt. No. 168 at 1. PUMA avers that it did not receive a privilege log from
2  Brooks prior to March 2024, and consequently, it requested one from Brooks on March 4, 2024.
3  *Id.* at 2; *see id.* at 10–11.

4        On March 9, 2024—two days before the March 11, 2024 deadline—Brooks produced
5  2,419 documents, many of which contained redactions. *Id.* at 1–2; *see id.* at 6. PUMA followed up
6  regarding its request for a privilege log on March 11, 2024, and Brooks confirmed that it would
7  produce one but did not specify when. *Id.* at 2; *see id.* at 8. PUMA followed up again on April 26,
8  2024, and requested that Brooks produce a privilege log by May 3, 2024. *Id.* at 2; *see id.* at 15.

9        Brooks produced a privilege log on May 3, 2024. *Id.* at 2; *see id.* at 17–34. Brooks'
10 privilege log identified "a number of communications and documents shared between Brooks[']
11 non-attorney employees and third parties who were not employed by Brooks during the relevant
12 periods." *Id.* at 2; *see id.* at 19–34 (first privilege log). This included employees of Huge, Inc.,
13 Jellyfish, BibRave, and Curiosity. *Id.* at 2–3; *see id.* at 36–63 (LinkedIn profiles of relevant
14 employees).

15       PUMA wrote to Brooks a week later on May 9, 2024, claiming that Brooks' assertion of
16 attorney-client privilege in connection with third-party communications was improper and
17 requesting that Brooks produce unredacted versions of the improperly redacted and withheld
18 documents. *Id.* at 3; *see id.* at 65–66. Brooks did not respond to this letter, and PUMA followed
19 up on May 16, 2024. *Id.* at 3; *see id.* at 68–69.

20       After receiving no immediate response from Brooks, PUMA deposed Brooks employee
21 Carlee Bickley on May 21, 2024, who confirmed that Huge, Inc., Jellyfish, BibRave, and Curiosity
22 are outside advertising agencies that Brooks hired for advertising campaigns. *Id.* at 3. Brooks
23 produced a revised privilege log on May 22, 2024. *Id.*; *see id.* at 71–87.

24

|   |   |
|---|---|
| 1 | On May 29, 2024, PUMA informed Brooks during a meet and confer that it would be filing the instant motion as well as a motion to compel production of the redacted and withheld documents and communications. *Id.* at 4; *see also id.* at 128. Brooks responded that it would oppose PUMA's motions. *Id.* at 4; *see also id.* at 128.[1] Brooks produced another revised privilege log on June 11, 2024. *Id.* at 3; *see id.* at 89–110. On July 5, 2024, PUMA filed both motions, as well as a related motion to seal. *See* Dkt. Nos. 166–67, 169, 171. |

## II.  DISCUSSION

Because the March 11, 2024 deadline for motions related to liability discovery has long passed, Dkt. No. 118 at 1, the Court applies Federal Rule of Civil Procedure 6(b)(1)(B) to evaluate the existence of good cause. Rule 6(b)(1)(B) requires PUMA to demonstrate that its failure to comply with the elapsed deadline was due to excusable neglect.

**A.    PUMA Has Demonstrated Excusable Neglect**

Whether a litigant has established excusable neglect is entrusted to the court's discretion, considering (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). Here, the Court concludes that PUMA has demonstrated that its failure to file its motion to compel before the deadline was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

First, there is little danger of prejudice toward Brooks. Brooks contends that it would be unfair to allow PUMA a belated discovery motion in light of the fact that Brooks has "declined to pursue disputed discovery from Puma since the Deadline." Dkt. No. 175 at 2; *see also* Dkt. No.

---

[1] The parties had a second meet and confer on June 28, 2024, during which they addressed issues concerning documents identified in the May 21, 2024 deposition of Carlee Bickley that Brooks had not yet produced. *Id.* at 4.

ORDER GRANTING MOTION FOR RELIEF FROM A DEADLINE - 3

176 at 2 (detailing instances where "Brooks declined to pursue discovery disputes despite identifying discovery issues"). This, however, does not amount to a showing of prejudice. As PUMA observes, "[t]he ability to seek relief from a deadline is equally available to Brooks as to PUMA," and "[t]hat Brooks chose to not seek the same relief for itself has no bearing on the merits of PUMA's motion for relief and motion to compel." Dkt. No. 181 at 5.[2] Furthermore, the Court vacated the May 31, 2024 liability discovery deadline on May 14, 2024, Dkt. No. 154 at 31; *see also* Dkt. No. 149 at 2, there is currently no operative scheduling order for the remaining deadlines in this case, *see* Dkt. No. 159, and the parties have represented that liability discovery remains ongoing, *see* Dkt. No. 181 at 5; Dkt. No. 175 at 4.[3] Risk of prejudice towards Brooks is therefore minimal.

Second, granting this extension would result in minimal delay or adverse effects on these proceedings. The Court has deferred entry of a scheduling order governing the remainder of the case pending joinder of Lloyd IP in PUMA's second amended complaint. *See* Dkt. No. 159; Dkt. No. 181 at 5; Dkt. No. 175 at 4. This factor therefore weighs in favor of PUMA.

Third, PUMA has sufficiently justified its delay in bringing its motion to compel. PUMA first requested a privilege log from Brooks on March 4, 2024. Dkt. No. 168 at 2; *see id.* at 10–11. PUMA received the redacted documents at issue on March 9, 2024—two days before the liability discovery motions deadline—and it reiterated its request for a privilege log on the day of the deadline itself. *Id.* at 2, 8. Brooks responded that it would produce one, but did not do so until May 3, 2024—after another follow-up from PUMA on April 26, 2024. *Id.* at 2, 15, 17. Without the

---

[2] The Court emphasizes that it appreciates the parties' efforts to resolve discovery disputes without court intervention.

[3] Brooks requests that the Court consider PUMA's motion as a request to reopen liability discovery. Dkt. No. 175 at 10 n.3. The Court declines this invitation because liability discovery has not formally closed. *See* Dkt. No. 154 at 31 (vacating the scheduling order in relevant part before the May 31, 2024 liability discovery deadline); Dkt. No. 159 (deferring entry of a new scheduling order until resolution of PUMA's Motion for Leave to File a Second Amended Complaint); Dkt. No. 186 at 3 (second amended complaint to be filed by August 7, 2024).

ORDER GRANTING MOTION FOR RELIEF FROM A DEADLINE - 4

privilege log, PUMA had no concrete grounds upon which to move to compel or extend the discovery motions deadline; it did not know the bases upon which the redactions were made, and could not have known of the documents that Brooks allegedly improperly withheld.

The Court also rejects Brooks' suggestion that a preemptory motion based on speculation constitutes good cause under Rule 6(b). Dkt. No. 175 at 11.[4] Critically, it was Brooks' responsibility as the party withholding purportedly privileged material to both "expressly make the claim" of privilege and produce a privilege log or other equivalent notice that "describe[d] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . w[ould] enable [PUMA] to assess the claim." Fed. R. Civ. P. 26(5)(A). It was not PUMA's responsibility, as Brooks suggests, to surmise from redactions that Brooks was unjustifiably withholding documents and file a preemptive motion based only on that assumption. *See* Dkt. No. 175 at 11. In fact, it was not PUMA's responsibility to request the privilege log in the first place. Brooks should have provided one "contemporaneously with [its] corresponding document productions." *Zox LLC v. Zox*, No. 2:21-CV-01609-PA (SKx), 2021 WL 8649853, at *2 (C.D. Cal. Dec. 14, 2021); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (failure to timely produce a privilege log may result in waiver).

---

[4] Brooks cites to *Teras Chartering, LLC v. Hyupjin Shipping Co., LTD.*, No. 2:16-cv-0188-RSM, 2017 WL 2363632 (W.D. Wash. 31, 2017), to support the proposition that PUMA was obligated to either file a discovery motion or move to continue the discovery motion deadline before that deadline passed. Dkt. No. 175 at 8. In *Teras*, the defendant discovered a responsive email that it believed should have been produced by the plaintiff prior to the discovery deadline. 2017 WL 2363632, at *9. The parties disputed whether the plaintiff was responsible for producing the document, and the defendant filed a motion for relief from the discovery motion deadline a month later. *Id.* at *8–9. The court, while recognizing the defendant's efforts to resolve the disputes without court intervention, denied the motion. *Id.* at *9. But the denial resulted from the defendant asking "not only for the opportunity to make a discovery motion after the deadline, but also after discovery itself closed," without "explain[ing] to the Court what it expects in the form of any remedy at this juncture, how allowing it to move for such a remedy would affect the potential outcome of any issue in this matter," or "how i[t] has been prejudiced in this matter." *Id.* That is not the situation here, where discovery has not yet closed and PUMA is requesting relief from a deadline to compel specific documents that it could not move to compel prior to Brooks' production of its privilege log.

ORDER GRANTING MOTION FOR RELIEF FROM A DEADLINE - 5

1    Furthermore, PUMA adequately addresses why it did not file the instant motion and its
2 motion to compel sooner than July 5, 2024 after receiving Brooks' privilege log on May 3, 2024
3 and meeting and conferring with Brooks on May 29, 2024: the parties were meeting and conferring
4 over a second document production issue that would have been part of PUMA's motion to compel
5 but for the parties' resolution of that issue on July 2, 2024. Dkt. No. 167 at 7–8; Dkt. No. 168 at 4,
6 132–140. This is not a case where a party failed to communicate with the opposing party for
7 months after it initially requested information. *See, e.g.*, *Sagdai v. Travelers Home and Marine*
8 *Ins. Co.*, No. 2:21-cv-00182-LK, 2022 WL 17403445, at *2 (W.D. Wash. Dec. 2, 2022);
9 *Rosskamm v. Amazon.com, Inc.*, No. C22-1553-JLR, 2023 WL 8543504, at *1 (W.D. Wash. Dec.
10 11, 2023). PUMA followed up with Brooks several times about Brooks' claimed privilege, and
11 then attempted to resolve the dispute without court intervention. Dkt. No. 168 at 2–3, 8, 10–11,
12 15, 65–66, 68–69. Brooks was unresponsive despite these efforts. It was therefore not PUMA's
13 lack of diligence, but rather Brooks' unexplained two-month delay in providing PUMA with the
14 requested privilege log and its subsequent lack of response to PUMA's objections that ultimately
15 drove the majority of the delay in PUMA's motion. The Court will not fault PUMA for trusting
16 Brooks' repeated representations that it would produce a (presumably compliant) privilege log and
17 attempting (with some success) to resolve the dispute without involving the court.

18    Finally, there is no indication that PUMA failed to act in good faith. PUMA made multiple
19 requests to Brooks for a privilege log, which Brooks did not produce until nearly two months after
20 the liability discovery motions deadline had lapsed. *See* Dkt. No. 168 at 2, 8, 10–11, 17. PUMA
21 then reached out to Brooks within one week of receiving the privilege log regarding its belief that
22 Brooks' assertion of attorney-client privilege over certain material was improper, and requested
23 that Brooks produce unredacted versions of the redacted and withheld documents. *Id.* at 3; *see id.*
24 at 65–66. Brooks did not respond to PUMA's concern despite PUMA following up, and PUMA

consequently requested a meet and confer, during which Brooks indicated it would oppose PUMA's efforts to compel production of the documents in question. *Id.* at 3–4; *see id.* at 68–69, 128. Given PUMA's documented timely and relatively prompt efforts to obtain the information it requested, the Court discerns no bad faith on PUMA's part.

Therefore, because all of the relevant factors weigh in favor of PUMA, the Court finds that PUMA has sufficiently demonstrated excusable neglect warranting a limited extension of the discovery liability motions deadline to file its motion to compel. *See* Dkt. Nos. 169, 171.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS PUMA's motion for relief from a deadline. Dkt. No. 167. Pursuant to the Court's Minute Order Granting Brooks' Unopposed Motion for Relief from Briefing Deadlines, Dkt. No. 179, the Court RE-NOTES PUMA's Motion to Compel for August 22, 2024. Dkt. Nos. 169, 171.

Dated this 8th day of August, 2024.

*Lauren King*
Lauren King
United States District Judge